# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

v.

GOLD RIVER OPERATING CORP., *et al.*,

               Defendants.

2:04-cv-01349-LRL

**ORDER**

Before the court is plaintiff EEOC's Motion for Partial Summary Judgment (#81), defendants' Opposition (#90), and the EEOC's Reply (#93).  Also before the court is defendants' Motion to Dismiss (#85), the EEOC's Opposition (#86), and defendants' Reply (#95).  The court has also considered Barbara Bowers-Hughes' Declaration in Support of Plaintiff EEOC's Motion for Partial Summary Judgment (#82), Dana Johnson's Declaration in Support of Plaintiff EEOC's Motion for Partial Summary Judgment (#83), Christine Park-Gonzalez's Declaration in Support of Plaintiff EEOC's Motion for Partial Summary Judgment (#84), the Declaration of Dana C. Johnson in Support of Plaintiff EEOC's Opposition to Defendants' Motion to Dismiss (#87), the Declaration of EEOC Chairperson Cari M. Dominguez in Support of Plaintiff EEOC's Opposition to Defendants' Motion to Dismiss (#88), Plaintiff EEOC's Lodgment of Additional Authorities in Support of its Opposition to Defendants' Motion to Dismiss (#89), the Declaration of Lynn A. Vlahos in Support of Opposition to Motion for Partial Summary Judgment (#91), the Declaration of Linda Claxton in Support of Opposition to Motion for Partial Summary Judgment (#92), and the Declaration of Dana C. Johnson in Support of Plaintiff EEOC's Reply Brief in Connection with its Motion for Partial Summary Judgment (#94).

The EEOC asks this court to find that it met the statutory conditions precedent prior to

commencing this action.  It also asks the court to rule that defendants are not entitled to invoke the *Ellerth*/*Faragher* affirmative defense.  Defendants contend that the EEOC has not met the conditions precedent to suit and that a genuine issue of material fact exists as to the reasonableness of its investigation.  In their Motion to Dismiss defendants seek an order dismissing the action on the ground that the EEOC's investigation was flawed and based on fraudulent information.  In the alternative, defendants request the court to stay the proceedings and "remand" the matter back to the EEOC.  The defendants also request the court to reconvene the deposition of the EEOC investigator, Park-Gonzalez, and compel her to answer questions previously objected to under the deliberative process privilege.

## **BACKGROUND**

This case involves allegations of gender and age discrimination at the River Palms Resort and Casino.  Plaintiff alleges that Ed Ortiz, the then beverage department manager, instituted a campaign to eliminate older female servers.  Plaintiff alleges that in or about April, 2002, Ortiz began to implement changes that discriminated against the older waitresses with seniority.  It is alleged that initially Ortiz began to talk to cocktail servers about awarding shifts based on factors other than seniority.  Ortiz then allegedly instructed a subordinate to hire only cocktail servers who were under the age of twenty-five.  As part of the alleged discrimination, it is asserted that Ortiz administered the schedules so that the older servers were not placed in the most lucrative stations and that the heavier servers were scheduled during the graveyard shift.  As a backdrop to this stated shift to younger, thinner servers, Ortiz is accused of keeping posters of scantily clad women in his office, commenting on servers' bottoms and breasts, and in one instance slapping a server on her bottom.

Ten complaints by seven different employees were made to the Nevada Equal Rights Commission ("NERC") and the EEOC beginning August 6, 2002 and continuing through July 11, 2003.  The EEOC conducted an investigation and concluded that reasonable cause exists to believe that River Palms violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA").  The instant litigation followed.

**DISCUSSION**

**I. Motion for Summary Judgment**

    **A. Legal Standard**

    Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).

    Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586.

    **B. Conditions Precedent**

    Title VII allows the EEOC to commence civil suits in its own name. 42 U.S.C. § 2000e-5(f)(1). There are four conditions precedent, however, which the agency must satisfy before it may bring suit. First, a charge of discrimination must be filed. The EEOC must then inform the alleged wrongdoer of the charge, conduct an investigation, and determine whether reasonable cause exists to believe that the charges are true. If reasonable cause is found, the agency must engage in conciliation efforts. *EEOC*

*v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982). Defendants contend that the EEOC's investigation was inadequate, its cause determinations flawed, and that it did not reasonably attempt to conciliate.

### 1. Charge and Notice of Unlawful Employment Practice

The EEOC established that it received ten charges of discrimination and provided notice to River Palms of each, in compliance with 42 U.S.C. § 2000e-5(b).  (*See* Park-Gonzalez Dec. (#84) Exs. 1–20.)

### 2. Conduct an Investigation and Determine Whether Reasonable Cause Exists to Believe That the Charge Is True

The EEOC contends that these two conditions precedent were satisfied.  It argues that the EEOC need only conduct some investigation.  (Mot. (#81) 19 (citing *EEOC v. The Nestle Co.*, 1982 U.S. Dist. LEXIS 12373, 1982 WL 234, at *1 (E.D. Cal. 1982)).)  After concluding the investigations, the EEOC determined that there was reasonable cause to believe that River Palms had violated Title VII and the ADEA.  Thereafter, the EEOC issued Letters of Determination to the charging parties and River Palms. (Park-Gonzalez Dec. (#84) Exs. 21–27.)

Defendants argue that the EEOC's investigation was inadequate and the cause determination flawed, which is the basis for defendants' Motion to Dismiss.  For the reasons that follow, the court finds that the EEOC has satisfied these two conditions precedent.

### (I) Defendants' Motion to Dismiss (#85)[1]

Plaintiffs argue that the "egregious course of misconduct" during the EEOC's investigation into defendants' alleged violations of Title VII and the ADEA mandates a dismissal of this action. The defendants also suggests a "remand" for further investigation by the EEOC, in the event the court declines to dismiss the case.

---

[1] Although the Motion to Dismiss was filed a day late, the court will deem it timely filed inasmuch as the court accepts at face value defendants' explanation that there was a problem filing the Motion due to technical difficulties with CM/ECF.

**(a) Legal Standard**

Defendants have offered several exhibits in support of their Motion to Dismiss.  The court therefore will treat the motion as one for summary judgment under Fed. R. Civ. P. 12(b) and 56.

**(b) The EEOC's Investigation**

Defendants state that they have found no precedent that addresses the specific facts of this case. (Defs.' Mot. (#85) 2.)  Defendants nevertheless believe that the court has inherent authority to fashion a remedy to redress the prejudice to which they have allegedly been subjected.

The court need not address the various allegations of EEOC misconduct made by defendants because an employer may not litigate the adequacy of the EEOC's investigation and determination, *see EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984), unless a plaintiff enters the EEOC's letter of determination as evidence, in which case the defendant is free to point out deficiencies in the investigation.  *See Plummer v. W. Int'l Hotels Co. Inc.*, 656 F.2d 502, 505 n.9 (9th Cir. 1981) (noting that defendants may introduce evidence to refute the EEOC's reasonable cause determination and such evidence would go to the weight to be given by the trier of fact to the EEOC determination).  Nothing in the legislative history of Title VII indicates that Congress intended such a challenge.  *See KECO Indus., Inc.*, 748 F.2d at 1100 (citing *EEOC v. E.I. DuPont de Nemours & Co.*, 373 F. Supp. 1321, 1338 (D. Del. 1974)).

The Ninth Circuit has not directly addressed this issue.  Other courts that have considered the subject are in agreement that an employer may not litigate the adequacy of the EEOC's investigation or determination.  *See e.g., EEOC v. Walner & Assocs.*, 91 F.3d 963, 968 n.3 (7th Cir. 1996) ("This determination of reasonable cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation.") (citation omitted); *EEOC v. St. Anne's Hosp.*, 664 F.2d 128, 131 (7th Cir. 1981) ("A reasonable cause determination is not to adjudicate a claim but to notify an employer of the Commission's findings."); *EEOC v. Chicago Miniature Lamp Works*, 526 F.Supp. 974, 975 (N.D. Ill. 1981) ("no pre-merits judicial inquiry into the basis for EEOC's investigation findings is proper in the ensuing Title VII action."); *EEOC v. KECO Indus., Inc.*, 748 F.2d

1097, 1100 (6th Cir. 1984) ("It was error for the district court to inquire into the sufficiency of the

Commission's investigation.").

> That line of inquiry would deflect the efforts of both the court and the parties from the main purpose of this litigation: to determine whether [the defendant] has actually violated Title VII. Acceptance of [the defendant's] theory would entitle *every* Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination. . . . [This determination] would effectively make every Title VII suit a two-step action: First, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action.

*Id.* (quoting with approval *EEOC v. Chicago Miniature Lamp Works*, 526 F.Supp. 974, 975 (N.D.Ill. 1981) (emphasis in original).

### © Due Process

Defendants argue that their due process rights are violated by being forced to defend an action

allegedly initiated because of felonious and fraudulent conduct during the course of the EEOC's

investigation.  The law is squarely against defendants' claim in this regard.[2]

There can be no due process violation when the Commission's findings are not binding on the

employer.  *See EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 370 (4th Cir. 1976).

### (d) Stay of Proceedings and "Remand" to the EEOC

The remedy for an alleged defect in the EEOC's investigation and reasonable cause

determination is a trial on the merits of the complaint in the district court.  *See KECO Indus., Inc.*, 748

F.2d at 1100.  "Remand" is not the proper remedy.

### 3. Conciliation

The threshold issue before the court concerns the standard of review to apply to the agency's

conciliation process.  Plaintiff argues that the "good faith conciliation requirement is properly limited

to a good faith effort to allow an out of court settlement, rather than a good faith effort to meet the

defendant on its own terms."  (Mot. (#81) 21 (citing *United States v. California Dept. of Corr.*, 1990

---

[2] The case law cited by defendants is inapposite to the present issue.

6

WL 145599, at *7 (E.D. Cal. 1990); *EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984)).)  This view, expressed by the Sixth, Seventh, Eighth, and Tenth Circuits, instructs that the court should not consider the details of the parties' negotiations, but, rather, should focus on whether the EEOC provided the employer an opportunity to confront all of the issues.  *See EEOC v. Zia Company*, 582 F.2d 527, 533 (10th Cir. 1978); *see also KECO Indus., Inc.*, 748 F.2d at 1102 ("The district court should only determine whether the EEOC made an attempt at conciliation.  The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.").

Defendants argue that the court should apply the Fifth and Eleventh Circuit's legal standard to determine whether the EEOC was reasonable during the conciliation process.  (Defs.' Opp'n (#90) 12 (citing *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) (adopting the Fifth Circuit's standard for satisfying the statutory requirement of conciliation)).)  Such an approach requires the EEOC to "(1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer."  *Asplundh Tree Expert Co.*, 340 F.3d at 1259 (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981)).  Using this standard, defendants request the court to find the EEOC's conciliation efforts unreasonable.  Defendants argue that the EEOC failed to outline to the employer the reasonable cause for its belief that the law was violated.  Additionally, it asked for make-whole relief, back pay, and compensatory damages, rather than coming to the table with a negotiable compliance offer.

There is no binding Ninth Circuit authority on this issue.  The statutory scheme provides that the EEOC should continue with the process of conciliation until such time as it is "unable to secure from the respondent a conciliation acceptable to the Commission. . . ."  42 U.S.C. 2000e-5(f)(1).  Further, "[a]n effort by the Senate in 1972 to require judicial review of the Commission's determinations of acceptable agreements was soundly rejected as unworkable."  *EEOC v. Sears, Roebuck*, 504 F. Supp. 241, 262 (N.E. Ill. 1980) (citing 188 Cong. Rec. 3807 (Feb. 14, 1972)) (internal

quotations omitted).  Finally, federal courts generally accord deference to an agency's administrative decision if it is reasonable and not in conflict with the expressed intent of Congress.  *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 131 (1985) (citations omitted).  For these reasons the court concludes that it was intended that substantial discretion in conciliation efforts be vested in the EEOC and the court should not examine the substance of the parties' negotiations.  *Cf. EEOC v. Canadian Indemnity Co.*, 407 F. Supp. 1366, 1367 (C.D. Cal. 1976) (finding that acceptance or rejection of the defendant's counteroffer was within the Commission's discretion).

Applying a deferential standard of review to the EEOC's conciliation efforts in this case, there is evidence to support a finding that the EEOC satisfied the condition precedent of conciliation.  The record indicates that the EEOC invited the defendants to conciliate the charges of discrimination.  The first invitation was made by letter on September 9, 2003, wherein defendants were provided notice as to the type of monetary and injunctive relief sought by the EEOC.  (Vlahos Dec. (#91) Ex. C.)  In response, River Palms indicated it was willing to participate in conciliation but believed it was premature to do so.  (*See id.*, Letter, September 22, 2003.)  River Palms chose not to make a counteroffer and was subsequently notified that the EEOC determined that further conciliation efforts would be futile or nonproductive.  (*See* Park-Gonzalez Dec. (#84) Exs. 28–30.)

On August 2, 2004 River Palms was again invited to participate in conciliation by the EEOC, prompted by a reasonable cause determination as to four additional charges.  (*See* Vlahos Dec. (#91) Ex. C.)  In the interim between invitations, Gold River Operating Corporation sold River Palms to the Columbia Sussex Corporation.  (*See id.*, Letter, August 31, 2004.)  The parties exchanged additional information, but Gold River ultimately informed the EEOC it would not be submitting a counterproposal.  (*See id.*, Letter, October 18, 2004.)  Similarly, Sussex denied liability and did not issue a counterproposal.  (*See* Park-Gonzalez Dec. (#84) Ex 31, Letter, August 6, 2004.)  The EEOC again determined that further conciliation efforts would be futile or nonproductive, and sent defendants notices to that effect.  (*See id.* Exs. 33–37.)  This evidence supports a finding that the EEOC complied with its conciliation obligations by providing defendant with an opportunity to confront the

8

discrimination related charges.

### C. The *Ellerth/Faragher* Affirmative Defense

The EEOC contends that defendants are not entitled to assert the *Ellerth/Faragher* defense. The defense, first announced by the Supreme Court in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), relieves the employer of liability for claims of harassment where the alleged harassment was perpetrated by a supervisor, but the harassment did not result in a tangible employment action against the harassee.[3] The EEOC asserts that the defense comprises two necessary elements: 1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and 2) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.

The EEOC argues that as a matter of law defendants have not satisfied the first prong of the defense. First, the EEOC asserts that the investigation was not prompt as a matter of law. The EEOC alleges that River Palms began receiving notices of the discrimination charges in August, 2002 and by November, 2002 had received at least six charge notices. (Park-Gonzalez Dec. (#84) Exs. 2–12.) The EEOC alleges that River Palms did not initiate an investigation into the allegations until late January, 2003, five months after receipt of the first charge. (Johnson Dec. (#83) Ex. 2, Patksan Dep.70:4–8.) Second, the EEOC claims that the investigation itself was a sham.

Defendants deny that the investigation was not timely and was unreasonable. In support of their position, defendants provided the court with tables prepared by Lynn A. Vlahos that summarize the date of each charge, the date River Palms received notice, the date each charging party's employment with River Palms terminated, dates of any further correspondence, the date the EEOC's determination was received, the determination, and the EEOC's settlement demand. (*See* Vlahos Dec. (#91) Ex. A at

---

[3]Neither party addresses the fact that a defendant may assert the *Ellerth/Faragher* affirmative defense only if no tangible employment action was taken against the charging parties. *Dennis v. Nevada State Dep't of Prisons*, 282 F. Supp. 2d 1177,1182 (D. Nev. 2003). For the purposes of this discussion only, the court will assume no tangible employment action was taken.

1–10.)  The charts themselves are not admissible under the best evidence rule as defendants failed to provide all of the records upon which the charts were based and failed to otherwise explain their absence.  *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).  The court will consider only those records which the defendants produced.

The first element of the affirmative defense comprises two parts; reasonable care to prevent sexual harassment and reasonable care to correct sexual harassment.  The EEOC argument speaks to whether defendants took reasonable care to correct the sexual harassment.  The first issue is whether the investigation was prompt as a matter of law.  The Ninth Circuit has observed that "[t]he most significant immediate measure an employer can take in response to a sexual harassment complaint is to launch a prompt investigation to determine whether the complaint is justified."  *Swenson v. Potter*, 271 F.3d 1184, 1193 (9th Cir. 2001).

It is undisputed that an investigation by River Palms Human Resources Manager, Jeanne Patskan, was not undertaken until January 2003, when she was personally informed of the alleged discrimination.  (Johnson Dec. (#83) Ex. 2, Patskan Dep.70:4–8.)  The question is whether the investigation undertaken by River Palms, upon notice of the claims by the EEOC, was sufficient to satisfy this prong of the defense.  The evidence submitted by defendants, though far from convincing, does raise a genuine issue as to a material fact.  (*See* Vlahos Dec. (#91) Ex. A.)  Similarly, in light of the record, (defs.' Opp'n (#90) 5–11), the determination of whether River Palms' failed to interview the appropriate witnesses, skewed or made omissions from its report, or turned the investigation into an indictment against Bowers-Hughes and Purdy, must be left to the trier of fact.

On this record, the EEOC has not demonstrated as a matter of law that defendants failed to promptly correct the harassment once it was reported.  There are triable issues of fact as to whether River Palms began an investigation promptly, and whether it failed to properly investigate the allegations.  Accordingly, this portion of the Motion will be denied.

## II. Discovery Request

Defendants seek an order compelling the EEOC's investigator, Park-Gonzalez, to answer the

10

following two questions:

> 1. "Were these documents, any of the documents tagged by you as being
>
> problems?"
>
> 2. Were these three documents submitted as evidence in this case?

(Defs.' Mot. (#85) Ex. E, Park-Gonzalez Dep. 38:14–15, 39:2–3.)

At Park-Gonzalez's deposition, the EEOC invoked the deliberative process privilege and instructed Park-Gonzalez not to answer these two questions. Defendants contend that the deliberative process privilege does not apply. Defendants argue that there are three documents that were contrived by one of the original charging parties, Toni Purdy. Defendants extrapolate that because the EEOC decided to no longer represent Toni Purdy, the EEOC must have considered the three allegedly fraudulent documents when making their reasonable cause determination. (Defs.' Mot. (#85) 9.)

Alternatively, defendants argue that the deliberative process privilege should be rejected in the face of governmental misconduct. (Defs.' Mot. (#85) 11–12 (citing *Alexander v. FBI*, 186 F.R.D. 170 (D.D.C. 1999) (citation omitted)).) Defendants assert that Park-Gonzalez, under color of her official position, solicited private individuals to submit affidavits that had not been sworn. Park-Gonzalez testified that it was her general practice to sign the jurats before sending the documents to the witnesses she interviewed telephonically for review and execution. She said, however, that she would sometimes sign the jurat upon receiving the executed affidavit from the interviewee. (*See* Pl.'s Opp'n (#86) Ex. E, Park-Gonzalez Dep. 47:16–48:16; 49:20–51:1.) Based in part on this testimony, defendants allege governmental misconduct on the part of Park-Gonzalez. Defendants argue that this alleged misconduct is significant because affidavits are given more weight than witness statements. (Defs.' Mot. (#85) 10.) Defendants make other allegations against Park-Gonzalez that are not pertinent to this discovery issue. (*See* Defs.' Mot. (#85) 4–5, 7–8; *see also* discussion *supra* Part I(B)(2)(i)(b).)

The court need not address whether or not the affidavits taken in this matter by Park-Gonzalez were properly obtained. The questions that the defendants request Park-Gonzalez to answer pertain to documents generated by the alleged felonious conduct of Toni Purdy, not Park-Gonzalez. Therefore,

governmental misconduct is not an issue, and the governmental misconduct exception does not apply.

The matter to be decided is whether the deliberative process privilege forecloses defendants from deposing Park-Gonzalez on the issues of whether the allegedly fraudulent documents were marked as potentially troublesome and whether they were considered in the EEOC's reasonable cause determination.

The federal deliberative process privilege permits the government to withhold documents or prevent testimony that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which government decisions are made. *See Federal Trade Comm'n v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citations omitted); *see also North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 118, 1121 n.1 (N.D. Cal. 2003) (noting that the privilege applies to deposition testimony as well as written documents) (citations omitted).  For the privilege to apply, the subject of the testimony must be both predecisional and deliberative. *See Warner Commc'ns, Inc.*, 742 F.2d at 1161.  Even if applicable, the deliberative process privilege is a qualified one.  "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.*

There is no question that the questions relate to the EEOC deliberations.  Defendants wish to learn whether, predetermination, the EEOC considered the documents potentially problematic; and if the documents were considered during the course of the reasonable cause determination.  Thus, the privilege applies.  The court must therefore determine whether the defendants' need for the information outweighs the EEOC's need to protect it.

"Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Warner Commc'ns, Inc.*, 742 F.2d at 1161.

The first and threshold factor is whether the information is relevant.  Relevance within the meaning of Federal Rules of Civil Procedure 26(b)(1) is considerably broader than relevance for trial

1    purposes.  For discovery purposes, relevance means only that the materials sought are reasonably

2    calculated to lead to the discovery of admissible evidence. *See Oppenhemier Fund v. Sanders*, 437 U.S.

3    340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1).  Inasmuch as the sufficiency of the EEOC's

4    investigation is not litigable, the answers to these questions are not relevant. (*See* discussion *supra* Part

5    I(B)(2)(i)(b).)

6    **III.  Sanctions**

7          A district court may in its discretion award fees and costs in a Title VII case upon a finding that

8    the plaintiff's action was frivolous, unreasonable, vexatious, or meritless, even though not brought in

9    subjective bad faith. *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).  An action

10   becomes frivolous when the result appears obvious or the arguments are wholly without merit. *See*

11   *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).  A defendant can recover if the

12   plaintiff violates this standard at any point during the litigation. *See id.* at 422.  Here, given the EEOC's

13   current claims and documentation, defendants have made no showing that the EEOC has violated this

14   standard during the course of the instant litigation.

15         Accordingly and for good cause shown,

16         IT IS ORDERED that Plaintiff EEOC's Motion for Partial Summary Judgment (#81) is

17   GRANTED in part and DENIED in part.  The court finds that the EEOC has met the statutory

18   conditions precedent to filing suit.  All other requests are denied.

19         IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#85) is DENIED.

20         DATED this 30th day of March, 2007.

21

22                                          _____

23                                          **LAWRENCE R. LEAVITT**
                                            **UNITED STATES MAGISTRATE JUDGE**

24

25

26

13